(April 25, 1911.)

SPOKANE INTERNATIONAL RAILWAY CO., Plaintiff, v. R. N. DUNN, Judge of the District Court of the Eighth Judicial District of the State of Idaho, Defendant.

[115 Pac. 501.]

Settlement of Statement on Motion for a New Trial and Appeal— Delay in Making Application.

(Syllabus by the court.)

1. *Held,* under the facts of this case that no good excuse was shown for the long delay in presenting the proposed statement to the judge for settlement.

2. Where amendments are offered to a proposed statement and such amendments consented to, the proposed statement with amendments should be engrossed and presented to the judge for settlement within a reasonable time.

Original application to this court for writ of mandate to compel the trial judge to settle a statement on motion for a new trial and appeal. Writ *denied.*

C. L. Heitman and Albert Allen, for Plaintiff.

When a proposed statement, on motion for a new trial, is served on the adverse party within the statutory time, and no amendments thereto are proposed by the adverse party, the statement as proposed may be presented to the judge or delivered to the clerk for settlement within any reasonable time thereafter. (*Miller v. Hunt,* 7 Ida. 486, 63 Pac. 803.)

The failure of the moving party to deliver the amendments with the proposed statement to the clerk for the judge within ten days after such amendments are served is in effect an adoption of such amendments, in which case the statement may be settled by the court within a reasonable time. (*Coast Lumber Co. v. Wood*, 18 Ida. 29, 41, 108 Pac. 338.)

Jno. P. Gray, for Defendant.

The statement of the case must be settled upon the record made in the court below. Excuses for delay should have been set out when it was settled, for without it the court had no jurisdiction to settle and certify the statement. (*Estate of Kruger*, 130 Cal. 621, 63 Pac. 31; *Kaltschmidt v. Weber*, 136 Cal. 675, 69 Pac. 497; *Hoehnan v. New York Drygoods Co.*, 8 Ida. 66, 67 Pac. 796.) In *Coast Lumber Co. v. Woods*, 18 Ida. 28, 108 Pac. 338, an engrossed copy of the statement was presented to the judge, whereas in this case no engrossed statement was ever presented to him.

The statute of Montana is similar to the statute of Idaho upon this question. In *Woodard v. Webster*, 20 Mont. 279, 50 Pac. 791, the court of that state expressly holds that where amendments are proposed and adopted, the statement may be presented for settlement within a reasonable time. Where statement, with proposed amendments, is not presented until after ten days from time such amendments were presented, court was not authorized to settle such statement, and on it to grant motion for new trial. (*Henry v. Merguire*, 106 Cal. 142, 39 Pac. 599; *Connor v. Road Co.*, 101 Cal. 429, 35 Pac. 990.) It being the duty of moving party to prepare statement on motion for new trial and present for settlement, he will be required to use due diligence in so doing. (*Moore v. Kendall*, 121 Cal. 145, 53 Pac. 647; *Wright v. Mathews*, 28 Mont. 442, 72 Pac. 820.)

SULLIVAN, J.—This is an original application for a writ of mandate to R. N. Dunn, judge of the eighth judicial district, to require him to settle and allow a statement of the

case in a certain action in which the Menasha Woodenware Co., a corporation, was plaintiff, and the Spokane International Railway Co., was defendant. The following facts appear from the record:

The judgment in that case was entered on the 24th day of December, 1909. On December 31, 1909, notice of intention to move for a new trial was made. On June 10, 1910, the proposed statement of the case was served on counsel for plaintiff in said action. On July 14, 1910, amendments to said statement were proposed and served on opposing counsel. On November 17, 1910, said proposed statement with amendments was filed with the clerk for delivery to the judge, which proposed statement and amendments were not engrossed. On December 20, 1910, an appeal from the judgment was taken. On January 17, 1911, application was made by the attorneys for said railway company for a date to be fixed for the settlement of said statement. On January 23, 1911, a hearing on the settlement of the statement and objections to settlement were filed. On January 26, 1911, further argument was made on said matter. On February 4, 1911, the judge made an order refusing to settle said statement. On March 15, 1911, the transcript on appeal from the judgment and appellant's brief were served. On March 21, respondent's brief was served and the cause argued and submitted to the appellate court for decision. On March 22, 1911, this application was made for said writ of mandate, and on March 24, 1911, this court decided said case, modifying the judgment of the trial court.

It will be observed from the foregoing statement of facts that the proposed statement on motion for a new trial was served on opposing counsel on June 10, 1910. The time for serving said motion had been extended several times by consent of the parties or by the judge. After the service of said statement the time was extended to counsel for respondent in which to propose amendments to said statement to July 15, 1910. Amendments were properly served within that time. Nothing further whatever was done toward having said statement settled until November 17, 1910, when the proposed

statement and amendments were filed with the clerk for delivery to the judge. The appeal from the judgment was taken on the 20th of December, 1910, about one year after the entry of the judgment; and on January 17, 1911, counsel for the railway company had the judge fix a date for the settlement of said statement, and a hearing was had thereon on January 23d and 26th, and upon that state of facts the judge refused to settle said statement.

Counsel for the railroad company now contend that their failure to deliver said proposed statement with amendments thereto to the clerk of the court for the judge within ten days after such amendments were served was in effect an adoption of such amendments, and they now concede that said amendments were adopted.

This court held in *Coast Lumber Co. v. Wood, Judge,* 18 Ida. 29, 108 Pac. 338, that where proposed amendments and a proposed statement of the case were not delivered to the clerk for the judge within ten days after the service of amendments, the presumption is that such amendments have been adopted and the amendments and statement may be presented to the judge within a reasonable time for settlement. That being true, there was no necessity whatever for the long delay from July 15, 1910, to January 17, 1911, in an attempt on the part of counsel for plaintiff to procure a settlement of said statement. It was already settled, so far as the respective attorneys were concerned, as the contents had been agreed to. The amendments had been admitted and all that was necessary was to present the engrossed statement to the judge for allowance and settlement. The engrossment was not done even on the 26th of January, 1911, when the hearing was had. When counsel concede their failure to deliver the proposed statements with the amendments to the clerk for the judge within ten days after service of the amendments, they admit that it was not necessary for the judge to fix a date on which a hearing should be had for the settlement of said statement. The statement had been agreed to and there was no need of any hearing for its settlement. Hearings are

not necessary when no amendments are proposed, or if proposed are admitted and agreed to. According to the admitted facts, the proposed statement with the admitted amendments was ready for engrossment and settlement on July 15, 1910.

In the sworn petition or complaint for the writ, the affiant states as follows:

"Affiant further says that there were no objections made by the attorneys for said railway company to the said proposed amendments, the attorneys for the said railway company being satisfied with the said statement with the said portions thereof stricken out, as specified in said amendment."

That being true, no sufficient excuse is made to appear why the statement with said amendments should not have been engrossed and presented to the judge long prior to the 17th of November, 1910, the date when they were left with the clerk for the judge. Some excuse is attempted to be shown for the long delay by reason of the fact that the attorneys for the respondent were very busy and did not consent to the fixing of any date when said proposed statement should be settled by the judge. This was no sufficient excuse for the delay, as it was not necessary for counsel of either of the parties to be present at the time of the settlement, as the contents of the proposed statement had been agreed upon by them. Their amendments having been admitted, they had no occasion to be present when the statement was settled. Counsel knew that the time was passing and that the year would soon expire in which he must take his appeal from the judgment, and they well knew that if they failed to have their proposed statement settled and the motion for a new trial passed upon by the judge within the year, they would not be able to have the appeal from any order denying a new trial and the judgment heard at the same time. There was absolutely no excuse for the long delay in presenting the proposed statement to the judge for settlement.

The facts in *Coast Lumber Co. v. Wood, Judge, supra,* were very different from the facts in the case at bar. In that case this court held, in effect, that all amendments offered to the proposed statement had been adopted and that such pro-

posed statement with amendments had been engrossed and presented to the judge for settlement within a reasonable time; while the trial judge in that case refused to settle the proposed statement on the ground that the amendments had not been filed with the clerk for the judge within the time provided by law. The judgment in the case of *Maw v. Coast Lumber Co.* was entered on April 14, 1909, and the application to the judge to settle said statement was made in March, 1910, within less than a year from the rendition of the judgment.

As I view the matter, from the facts presented, no reasonable excuse is shown why said statement should not have been presented to the trial judge for settlement long prior to the date that it was presented. It could have been and should have been presented in sufficient time to have permitted the appeal to be taken from the judgment and order denying a new trial, if such a one had been made, within a year from the date of the entry of the judgment.

The trial judge did not err in refusing to settle said statement, and his order in that regard is hereby affirmed, with costs in favor of the defendant.

Ailshie, Presiding J., concurs.